UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LISETTE JOHN, on Behalf of Herself and on Behalf of All Others Similarly Situated, § § § Plaintiff, § § V. § CITIZEN CARE HOME HEALTH, INC. § and KUDY ADELAKUN, § § Defendants. § § § | CIVIL ACTION NO. _____ JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Defendant, CITIZEN CARE HOME HEALTH, INC. and KUDY ADELAKUN (collectively referred to hereinafter as "Defendants"), failed to pay Plaintiff and its other domestic care workers (a/k/a "Providers" or "Attendants") overtime wages when they work more than forty (40) hours in a workweek as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. As a result, Defendants violate the overtime wage provisions of the FLSA.

2. Defendants also failed to pay Plaintiff and its other Providers for *all* hours worked. Specifically, Defendants failed to pay Plaintiff and its other Providers for the time spent driving between clients' homes, picking up supplies, travelling to and from the office to sign "in-service" forms, and other company required duties as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. As a result, Defendants violate the minimum and overtime wage provisions of the FLSA.

3. Plaintiff, Lisette John, and the similarly situated employees she seeks to represent, are

current and former Providers employed by Defendants for any work week during the period of March 27, 2014 to the present (hereinafter referred to as the "Off the Clock Class Members") who were not paid for all of the hours that they worked.1 In addition, Plaintiff, Lisette John, and the similarly situated employees she seeks to represent, are current and former Providers employed by Defendants for any work week during the period of January 1, 2015 to the present who were not paid overtime wages for the hours worked in excess of forty (40) per week at the rate of "time and one half" their regular rate of pay (hereinafter referred to as the "Overtime Wage Class Members").

4. Defendant's time-keeping and pay practices and policies applied not only to Plaintiff, but also to all of the Class Members. Therefore, Plaintiff brings this suit on behalf of herself and all other similarly situated domestic service employees.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction of this action under 28 U.S.C. § 1331 as this case is brought pursuant to the Fair Labor Standards, Act, 29 U.S.C. § 216(b).

6. Venue is proper in the Southern District of Texas – Houston Division under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and conduct charged herein occurred in this district.

## THE PARTIES

7. Plaintiff, Lisette John, lives in the Southern District of Texas. Plaintiff was employed by Defendants from approximately October 2013 to February 2017 as a Provider. Her written consent is attached hereto as Exhibit 1.

8. The class of similarly situated "off the clock" employees consists of all Providers employed by Defendants at any time during the period of March 27, 2014 to the present who were not paid for all of the hours they worked for Defendants (hereinafter referred to as the "Off the Clock Class

---

1 To the extent that the Court believes that sub-classes are appropriate given that there are two

Members"). In addition, Plaintiff, Lisette John, and the similarly situated employees she seeks to represent, are current and former Providers employed by Defendants for any work week during the period of January 1, 2015 to the present who were not paid overtime wages for the hours worked in excess of forty (40) per week at the rate of "time and one half" their regular rate of pay (hereinafter referred to as the "Overtime Wage Class Members"). Collectively, these individuals are referred to hereinafter as "Class Members."

9. CITIZEN CARE HOME HEALTH, INC. ("CITIZEN") is a Texas for-profit corporation who may be served with citation through its registered agent for service, Kudy D. Adelakun, at 6823 River Bluff Drive, Houston, Texas 77085 or 2626 South Loop West, Suite 261, Houston, Texas 77054.

10. KUDY D. ADELAKUN ("ADELAKUN") is an individual who owns and operates Defendant, Citizen Care Home Health, Inc. Ms. Adelakun controls the working conditions and pay rates of Plaintiff and the Class Members. Accordingly, ADELAKUN is liable as Plaintiff's "employer" under the FLSA for failing to comply with the minimum and overtime wage provisions set forth therein. ADELAKUN may be served at 6823 River bluff Drive, Houston, Texas 77085 or 2626 South Loop West, Suite 261, Houston, Texas 77054.

## FLSA COVERAGE

11. At all times relevant to this dispute, DEFENDANTS have been an enterprise within the meaning of the FLSA. 29 U.S.C. § 203(r).

12. At all times relevant to this dispute, DEFENDANTS have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

---

separate wage violations covering overlapping periods of time, Plaintiff is agreeable to same.

13. At all times relevant to this dispute, DEFENDANTS have had gross annual sales in excess of $500,000.

14. At all times relevant to this dispute, Plaintiff and the Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

### THE FACTS

15. DEFENDANTS provide home care services to elderly and/or invalid clients. To do that, DEFENDANTS employ a class of employees called "Providers" (or "Attendants") who offer assistance to clients with one or more of the following services: bathing, grooming, toileting, transfer/ambulation, exercise regimens, medication administration, feeding, meal preparation, cleaning, laundry, shopping and escort.

16. Plaintiff was hired to work as a Provider for DEFENDANTS. DEFENDANTS controlled Plaintiff's conditions of employment, including her pay rate, as well as the policies and procedures that she and the other Class Members were required to follow.

17. Plaintiff's primary duties as Provider were all performed at the private homes of DEFENDANTS' clients. Plaintiff did not live with any of DEFENDANTS' clients.

18. DEFENDANTS paid Plaintiff an hourly wage.

19. DEFENDANTS pay all of their Providers an hourly wage.

20. As a Provider, Plaintiff occasionally worked more than forty (40) hours per workweek. Plaintiff was not a member of management. Neither she nor any other Class Member had authority to (nor did they): manage an enterprise, hire or fire other employees, set the pay rates of other employees, create policies or procedures to govern DEFENDANTS' employees, handle employee grievances, determine the type of equipment or materials that Defendant could use in their operations, plan and/or set DEFENDANTS' budget, enter into contracts on behalf of Defendant, or otherwise

have operational control over DEFENDANTS' business practices.

21. Plaintiff and the Class Members were at all times "non-exempt" employees who were paid an hourly wage and were eligible to receive overtime pay pursuant to Section 207 of the FLSA after January 1, 2015. Despite this fact, Defendants failed to pay Plaintiff and the other Class Members overtime wages calculated at one and one half times their regular rate of pay for all hours worked in excess of forty (40) during a workweek.

22. In addition, Plaintiff and the Class Members were not paid for *all* of the hours they worked each day as a direct result of DEFENDANTS' time-keeping and wage policies. Specifically, DEFENDANTS' time-keeping and wage policies paid Providers only for the time they spent at a client's home. DEFENDANTS' policies did not pay Providers for the time spent driving between clients' homes. Nor did DEFENDANTS' policies pay Providers for the time spent driving to DEFENDANTS' office in order to sign "in-service" forms, pick up client acknowledgment forms, etc.

23. DEFENDANTS had one time-keeping and one wage policy that applied to all Providers. DEFENDANTS' time-keeping policies failed to keep track of the time that Plaintiff and the Class Members spent driving between their clients' homes and DEFENDANTS wage policy failed to pay the Providers for this time. On average, it took Plaintiff anywhere from 45 minutes – one hour to drive between her clients' homes depending on the schedule, traffic conditions, and the clients to be seen that day. Generally, however, that amounted to an average of about 45+ minutes per day in unpaid time for Plaintiff.

24. DEFENDANTS' failure to pay Plaintiff and the Class Members for all hours worked violates the minimum and overtime wage provisions of the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

25. Plaintiff brings this suit as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and all other persons employed by DEFENDANTS as a Provider at any time during the period of March 27, 2014 to the present. The class of similarly situated "off the clock" employees consists of all Providers employed by Defendants at any time during the period of March 27, 2014 to the present who were not paid for all of the hours they worked for Defendants (hereinafter referred to as the "Off the Clock Class Members"). In addition, Plaintiff, Lisette John, and the similarly situated employees she seeks to represent, are current and former Providers employed by Defendants for any work week during the period of January 1, 2015 to the present who were not paid overtime wages for the hours worked in excess of forty (40) per week at the rate of "time and one half" their regular rate of pay (hereinafter referred to as the "Overtime Wage Class Members"). Collectively, these individuals are referred to hereinafter as "Class Members."

26. DEFENDANTS classify, records time for, and pays wages to all of its Providers in same manner described above. Moreover, DEFENDANTS' time-keeping and wage policies are the same for all of its Providers. In this regard, DEFENDANTS maintain a "common pay practice or policy" and the Class Members are similarly situated to Plaintiff.

27. DEFENDANTS' domestic service employees ("Providers") all perform the same essential job functions and duties notwithstanding the fact that one employee might have more tenure, experience, receive a different hourly wage, or require less supervision than another employee in the same or similar position. In this regard, the Class Members are similarly situated to Plaintiff.

28. Although the exact amount of damages may vary among individual Class Members, the damages for each individual can easily be calculated using the same methodology and formula.

29. DEFENDANTS possess the names and addresses of all Class Members in their records. Plaintiff does not. The Class Members should be allowed to receive notice about this lawsuit

and given an opportunity to join. Like Plaintiff, these similarly situated workers are entitled to recover their unpaid minimum and overtime wages, liquidated damages, attorneys' fees, and other damages. Therefore, notice is appropriately sent to the following class:

> "All domestic care workers (a/k/a "Providers") who worked for DEFENDANTS at any time during the period of March 27, 2014 to the present."

## CAUSES OF ACTION

30. Plaintiff incorporates the allegations in the preceding paragraphs.

31. DEFENDANTS failed to pay Plaintiff and the Class Members appropriate minimum and overtime wages for all of the hours worked each week as required by the FLSA.

32. Plaintiff and the Class Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek calculated at one and one half times their regular rate of pay, an amount equal to all of their unpaid wages as liquidated damages, as well as their reasonable and necessary attorneys' fees and costs of this action. 29 U.S.C. § 216(b).

## JURY DEMAND

33. Plaintiff hereby demands a trial by jury.

## PRAYER

Plaintiff respectfully requests that judgment be entered against DEFENDANTS, jointly and severally, awarding her and all similarly situated employees:

    a.    Minimum and overtime wage compensation for *all* hours worked;

    b.    An equal amount as liquidated damages;

    c.    Reasonable and necessary attorneys' fees, costs, and expenses of this action; and

    d.    Such other and further relief as may be required by law.

Respectfully submitted,

By: */s/Robert R. Debes, Jr.*

Robert R. Debes, Jr.
State Bar No. 05626150
[bdebes@eeoc.net](bdebes@eeoc.net)
SHELLIST | LAZARZ|SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

**ATTORNEY FOR PLAINTIFF**

DocuSign Envelope ID: 1B056FF1-1D4F-467F-B5D5-5486225CBA70

# CONSENT TO BECOME A PARTY PLAINTIFF

Name (print): LISETTE JOHN

1. I consent and agree to pursue my claim for unpaid overtime wages through the lawsuit filed against my employer CITIZEN CARE HOME HEALTH, INC. and its related entities, owners, and individuals.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act ("FLSA"). I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

3. I intend to pursue my claim individually, unless and until the court certifies this case as a collective or class action. I agree to serve as the class representative if the court approves. If someone else serves as the class representative, then I designate the class representative(s) as my agent to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with the plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

4. In the event the case is certified and then decertified, I authorize Plaintiffs' counsel (Bob Debes) to use this Consent Form to re-file my claims in a separate or related action against my employer.

(Signature) _L. John_ (DocuSigned by: 83E7B67AE085482)  (Date Signed) 3/27/2017

Ex. 1